284-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
RODINO SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RODINO SHIPPING CO. LTD.,

                     Plaintiff,

- against –

UNICORN STEEL FZE, KREMIKOVTZI TRADE
EOOD, a/k/a KREMIKOVTZI TRADE LTD. and
KREMIKOVTZI AD, a/k/a KREMIKOVTZI CORP.,
FINMETALS HOLDING CORP., a/k/a FINMETALS
HOLDING EAD, and GLOBAL STEEL HOLDINGS
LTD., a/k/a GSHL BULGARIA,

                     Defendants.
------------------------------------------------------------x

07 Civ 6383 (WHP)

**AMENDED
VERIFIED COMPLAINT**



Plaintiff, RODINO SHIPPING CO. LTD. (hereinafter "RODINO"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Amended Verified Complaint against Defendants UNICORN STEEL FZE (hereinafter "UNICORN"), KREMIKOVTZI TRADE EOOD, a/k/a KREMIKOVTZI TRADE LTD. (hereinafter "KREMIKOVTZI TRADE"), and KREMIKOVTZI AD, a/k/a KREMIKOVTZI CORP. (hereinafter "KREMIKOVTZI") (hereinafter jointly referred to as "the KREMITKOVTZI defendants"), FINMETALS HOLDING CORP., a/k/a FINMETALS HOLDING EAD (hereinafter "FINMETALS"), and

GLOBAL STEEL HOLDINGS LTD., a/k/a GSHL BULGARIA (hereinafter "GSHL") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff RODINO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Fortuna Court, "Block B", 284 Arch. Makarios III, AV., POB 132, Limassol-Cyprus.

3. At all times relevant hereto, Defendant UNICORN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at PO Box 17852, Jebel Ali, Dubai, United Arab Emirates.

4. At all times relevant hereto, Defendant KREMIKOVTZI TRADE, a wholly owned subsidiary of KREMIKOVTZI, was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 1870 Sofia, Bulgaria.

5. At all times relevant hereto, Defendant KREMIKOVTZI, a majority owned subsidiary of FINMETALS, was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 1870 Sofia, Bulgaria.

6. At all times relevant hereto, Defendant FINMETALS, a wholly owned subsidiary of GSHL, was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Sofia, Bulgaria.

7. At all times relevant hereto, Defendant GSHL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 65, Boulevard Grande-Duchesse Charlotte, 1331 Luxembourg, Grande Duchy of Luxembourg.

8. On or about March 30, 2007, Plaintiff RODINO, as owner, and Defendant UNICORN, as charterer, entered into a maritime contract of charter party on an amended Americanized Welsh Coal Charter form for the use and operation of the M/V ALBA to carry approximately 70,000 metric tons, 10% more or less in the owner's option, bulk iron ore from Tubaro, Brazil to Bourgas, Bulgaria at an agreed freight rate and subject to other conditions set forth in the charter party including payment of demurrage and detention.

9. Defendant KREMIKOVTZI TRADE unconditionally and irrevocably guaranteed the performance of Defendant UNICORN under the charter party.

10. The vessel completed loading on May 1, 2007 and bills of lading were issued and released on the same day.

11. Pursuant to clause 48 of the charter party, 100% of the freight charges in the amount of $2,344,773.60, without deduction, was to have been paid by UNICORN within five days of signing/releasing of the bills of lading.

12. In breach of the charter party, UNICORN paid only $1,000,000.00 on May 22, 2007.

13. Despite due demand and in further breach of the charter, UNICORN failed to pay the remaining freight in the sum of $1,344,773.60.

14. As a result of Defendant UNICORN's failure to pay the freight as agreed, in accordance with Clause 48 of the charter party, Plaintiff RODINO ordered the vessel not to enter Bulgarian territorial waters.

15. In order to induce Plaintiff RODINO to bring the vessel into port and discharge the cargo, in a Promissory Note dated June 4, 2007 the KREMITKOVTZI defendants jointly and severally issued a further unconditional and irrevocable guarantee by them of the due fulfillment and performance of Defendant UNICORN under the charter party, including but not limited to UNICORN'S obligation to pay freight, demurrage and detention thereunder, and further agreed to pay to Plaintiff RODINO the sum of $1,631,648.60 (representing the outstanding freight plus a portion of the loadport demurrage) on June 11, 2007.

16. Non-party Stemcor UK Ltd. eventually paid $1,631,648.60 to Plaintiff RODINO on or about June 15, 2007.

17. Pursuant to Clause 48 of the charter party, Plaintiff RODINO is entitled to recover liquidated damages for detention of the vessel at the demurrage rate of $34,000.00 per day from the time the vessel was stopped outside Bulgarian territorial waters on May 25, 2007 until June 5, 2007 when the vessel finally berthed to begin discharge.

18. The charter party further provides that payment of demurrage/detention was to have been settled within 25 days after completion of discharge and submission by Plaintiff RODINO of a Final Freight Statement to Defendant UNICORN both of which occurred June 11, 2007.

19. Defendant UNICORN has acknowledged that the sum of $483,309.87 representing the balance of loadport demurrage and detention awaiting berthing in Bulgaria was due and owing to Plaintiff UNICORN and was to be paid not later than July 6, 2007.

20. Despite due demand to all Defendants, and in breach of the charter party and performance guarantees, Defendants failed and otherwise refused to pay the outstanding sum of $483,309.87 due to Plaintiff RODINO.

21. Pursuant to the Process of Maritime Attachment authorized to be issued in this action by this Court's Order, dated July 16, 2007, $94,500 of funds of the KREMIKOVTZI defendants was restrained at garnishee American Express Bank.

22. The parties then entered into a Settlement Agreement, dated October 31, 2007, whereby the KREMIKOVTZI defendants agreed to transfer the total amount restrained, $94,500, to Plaintiff RODINO in partial satisfaction of the outstanding debt.

23. The KREMIKOVTZI defendants further agreed to pay the outstanding balance of $388,806.39 due and outstanding under the charter in accordance with the payment plan set forth in the Settlement Agreement.

24. Subsequent to entering into the Settlement Agreement Plaintiff was advised that the funds restrained at American Express Bank were actually being transferred on behalf of GSHL Bulgaria.

25. GSHL Bulgaria agreed that its funds be used to pay the debt of UNICORN and the KREMIKOVTZI defendants.

26. On November 13, 2007, this Court issued an Order authorizing the release of the restrained $94,500 to Plaintiff RODINO.

27. In sum, therefore, the total amount that remains due and outstanding under the charter and pursuant to the Settlement Agreement is $388,806.39.

28. RODINO has commenced arbitration in London against UNICORN in which RODINO seeks to recover for the wrongful failure to pay the outstanding sums due. RODINO

has, or soon will, commenced litigation against the KREMIKOVTZI defendants in Bulgaria to recover under their performance guarantees. RODINO expressly reserves the right to arbitrate the merits of its dispute in London and/or Bulgaria.

29. RODINO brings this action in order to obtain security for its claims in London arbitration against UNICORN and Bulgarian litigation claims against the KREMIKOVTZI defendants.

30. Upon information and belief, and after investigation, Defendant GSHL is the alter ego of Defendant FINMETALS because FINMETALS dominates and disregards GSHL's corporate form to the extent that Defendant FINMETALS is actually carrying on the business and operations of GSHL as if the same were its own.

    a. Defendant FINMETALS is a wholly owned subsidiary of Defendant GSHL.

    b. Upon information and belief, and after investigation, Defendant GSHL is a shell-corporation through which Defendant FINMETALS conducts its business.

    c. Upon information and belief, and after investigation, Defendant FINMETALS has no separate, independent identity from Defendant GSHL.

    d. Upon information and belief, and after investigation, Defendant GSHL uses Defendant FINMETALS as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

31. Upon information and belief, and after investigation, Defendant GSHL is the alter ego of the KREMITKOVITZI defendants because the KREMITKOVITZI defendants dominate and disregard GSHL's corporate form to the extent that the KREMITKOVITZI defendants are actually carrying on the business and operations of GSHL as if the same were their own.

    a. The KREMIKOVTZI defendants are subsidiaries of Defendant GSHL.

    b. Defendant GSHL is the 71 percent joint-majority owner of the KREMIKOVTZI defendants.

    c. Upon information and belief, and after investigation, Defendant GSHL is a shell-corporation through which the KREMITKOVITZI defendants conduct their business.

    d. Upon information and belief, and after investigation, the KREMITKOVITZI defendants have no separate, independent identity from Defendant GSHL.

    e. Upon information and belief, and after investigation, the KREMITKOVITZI defendants use Defendant GSHL as a "pass through" entity such that they can insulate themselves from creditors relating to their commercial obligations.

32. Upon information and belief, and after investigation, Defendant FINMETALS is the alter ego of the KREMITKOVTZI defendants because FINMETALS dominates and disregards FINMETALS' corporate form to the extent that the KREMITKOVTZI defendants are actually carrying on the business and operations of FINMETALS as if the same were their own.

    a. The KREMIKOVTZI defendants are subsidiaries of Defendant FINMETALS.

    b. Defendant FINMENTALS is the 71 percent joint-majority owner of the KREMIKOVTZI defendants.

    c. Upon information and belief, and after investigation, Defendant FINMETALS is a shell-corporation through which the KREMITKOVITZI defendants conduct their business.

    d. Upon information and belief, and after investigation, the KREMITKOVITZI defendants have no separate, independent identity from Defendant FINMETALS.

e. Upon information and belief, and after investigation, the KREMITKOVITZI defendants use Defendant FINMETALS as a "pass through" entity such that they can insulate themselves from creditors relating to their commercial obligations.

33. Upon information and belief, and after investigation, the Defendants cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

34. As best as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by RODINO against the Defendants includes:

(a) Outstanding demurrage/detention in the amount of $388,806.39;

(b) Interest on the above item of damage in the sum of $62,295.21, calculated at the rate of 7.5% per annum, compounded quarterly for a period of two years (when it is anticipated an arbitration award will be issued or judgment obtained in Bulgaria), which interest is recoverable under both English and Bulgarian law; and

(c) Legal fees, arbitrator fees and costs incurred by RODINO in respect to the London arbitration award which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $40,000.00;

(d) Legal fees, arbitrator fees and costs incurred by RODINO in respect to the Bulgarian litigation which are recoverable pursuant to Bulgarian law, and which, pursuant to the advices of Bulgarian counsel, are estimated to be in the sum of $40,000.00;

**For a total sought to be attached of $531,101.60.**

WHEREFORE, Plaintiff RODINO SHIPPING CO. LTD. prays:

a.  That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them in the principal amount of $483,309.87 plus interest, costs and attorneys fees;

b.  That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of **$531,101.60,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in their own names or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
November 21, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
RODINO SHIPPING CO. LTD.

By: _____
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY 10005
(212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

      MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

    1.    I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

    2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

    3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                _____
                                                              Michael E. Unger

Sworn to before me this
21st day of November, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/[—]

284-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
RODINO SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900/(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RODINO SHIPPING CO. LTD.,

                      Plaintiff,       07 CV 6383 (WHP)

    -against-

                                                                         AFFIDAVIT OF SERVICE

UNICORN STEEL FZE, KREMIKOVTZI TRADE
EOOD, a/k/a KREMIKOVTZI TRADE LTD. and
KREMIKOVTZI AD, a/k/a KREMIKOVTZI CORP.,
FINMETALS HOLDING CORP., a/k/a FINMETALS
HOLDING EAD, and GLOBAL STEEL HOLDINGS
LTD., a/k/a GSHL BULGARIA,
                                         Defendants.
-----------------------------------------------------------x
STATE OF NEW YORK   )
                             ) ss:
COUNTY OF NEW YORK  )

    I, Michael E. Unger, after being duly sworn, depose and say that I am not a party to the within action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005. On November 21, 2007, I will serve the enclosed Amended Verified Complaint upon:

    UNICORN STEEL FZE
    PO Box 17852, Jebel Ali, Dubai, United Arab Emirates

    KREMIKOVTZI TRADE EOOD, a/k/a KREMIKOVTZI TRADE LTD
    1870 Sofia, Bulgaria

    KREMIKOVTZI AD, a/k/a KREMIKOVTZI CORP.
    1870 Sofia, Bulgaria

    FINMETALS HOLDING CORP., a/k/a FINMETALS HOLDING EAD
    1870 Sofia, Bulgaria

    GLOBAL STEEL HOLDINGS LTD., a/k/a GSHL BULGARIA
    65, Boulevard Grande-Duchesse Charlotte, 1331 Luxembourg, Grande Duchy of Luxembourg

                                                                                   _____
                                                                                   Michael E. Unger

Sworn to before me this
21st day of November, 2007

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/294332.1                               1